STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-814


PG DINERS, INC.

VERSUS

REMSON-HALEY ARCHITECTS, INC., ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-4401
HONORABLE R. RICHARD BRYANT, JR., DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**Kevin Lawrence Cole**
**James Anthony Prather**
**Attorney at Law**
**3 Sanctuary Blvd., Suite 301**
**Mandeville, LA 70471**
**(985) 674-6680**
**Counsel for Defendant/Appellee:**
**Certain Underwriters at Lloyd's London**

**Thomas Livingston Gaudry, Jr.**
**Gaudry, Ranson, Higgins & Gremillion, L.L.C.**
**P.O. Box 1910**
**Gretna, LA 70054**
**(504) 362-2466**
**Counsel for Defendant/Appellee:**
**Assurance Company of America**

**Richard E. Gerard, Jr.**
**Scofield, Gerard, Scofield and Pohorelsky**
**P. O. Drawer 3028**
**Lake Charles, LA 70602**
**(337) 433-9436**
**Counsel for Plaintiff/Appellant:**
**PG Diners, Inc.**

**Thomas Walter Sanders**
**411 Clarence Street**
**Lake Charles, LA 70601-5203**
**(337) 433-1691**
**Counsel for Defendant/Appellee:**
**Touchstone Masonry**

**Charles A. Schutte, Jr.**
**Guglielmo, Marks, Schulte, Terhoeve & Love**
**320 Somerulos Street**
**Baton Rouge, LA 70802**
**(225) 387-8330**
**Counsel for Defendant/Appellee:**
**Liberty Mutual Insurance Company**

**Christopher Paul Pierce**
**Wray & Pierce**
**P. O. Box 3238**
**Baton Rouge, LA 70821-3228**
**(225) 334-9200**
**Counsel for Defendant/Appellee:**
**Bessette Development Corp.**

**James J. Hautot, Jr.**
**Judice & Adley**
**P. O. Drawer 51769**
**Lafayette, LA 70503**
**(337) 235-2405**
**Counsel for Defendant/Appellee:**
**R. Savant**

**Michael Glenn Hodgkins**
**Attorney at Law**
**721 Kirby Street**
**Lake Charles, LA 70601**
**(337) 310-1600**
**Counsel for Defendant/Appellee:**
**Bessette Development Corp.**

**James Albert Rowell**
**Attorney at Law**
**400 Poydras Street, Suite 2600**
**New Orleans, LA 70130**
**(504) 529-3333**
**Counsel for Defendant/Appellee:**
**Audubon Indemnity Company**

**Todd Michael Ammons**
**Stockwell, Sievert, Viccellio, Clements & Shaddock**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**Counsel for Defendant/Appellee:**
**R. Savant, Inc.**

**Kevin Louis Camel**
**Michael Kevin Cox**
**Richard Elliott Wilson**
**Cox, Cox & Filo**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**Counsel for Plaintiff/Appellant:**
**PG Diners, Inc.**

**Glen E. Mercer**
**Salley, Hite, Rivera & Mercer**
**365 Canal Street, Suite 1710**
**New Orleans, LA 70130**
**(504) 582-1513**
**Counsel for Defendant/Appellee:**
**Certain Underwriters at Lloyd's London**

**EZELL, JUDGE.**

In this matter, PG Diners appeals the decision of the jury finding Remson-Haley Architects 100% liable for the failure of a parking lot constructed by Bessette Development. For the following reasons, we affirm the jury's finding.

PG Diners hired Remson-Haley to design plans for a truck stop to be built in Iowa, Louisiana. Included in the plans was a very large parking lot that would need to stand up to constant use by big trucks. One year prior to Remson-Haley finishing the design, a geo-technical soil report was performed on the soil of the build site. The soil report called for a crushed limestone base of four inches in the light-duty automobile areas and a six-inch crushed limestone base for the intermediate and heavy duty areas to be used by large trucks. Remson-Haley completed the design and sent it out for bid. The design sent out by Remson-Haley called for the lot to have a four-inch sand base. After Bessette won the bid, PG Diners asked them to look for cost-cutting measures on the project. Bessette submitted proposed changes to PG Diners and Remson-Haley, including reducing the four-inch sand base to one inch, removing sub-surface drainage in favor of surface drainage, and placing dowels at a spacing of two feet, rather than the one-foot intervals suggested by Remson-Haley. The proposed changes were discussed with PG Diners and Remson-Haley and were approved.

Soon after construction was finished on the project, sections of the lot began to fail. Bessette originally replaced some of the panels according to a cost-sharing agreement with PG Diners, but after deciding it was not responsible for the failure, Bessette declined to replace additional failed sections. PG Diners filed suit against Remson-Haley and Bessette for the failure of the lot. PG Diners settled with Remson-Haley and proceeded to trial against Bessette only, claiming faulty

1

construction led to the lot's failure. After a long jury trial, the jury found that Remson-Haley was solely responsible for the failure of the lot and assessed them with 100 % liability. From this decision, PG Diners appeals.

PG Diners asserts as their sole assignment of error on appeal that the jury committed error in failing to assign Bessette any fault for the failure of the lot. We disagree.

As noted by this court in *Layssard v. State, Department of Public Safety and Corrections,* 07-78, p.3 (La.App. 3 Cir. 8/8/07), 963 So.2d 1053, 1057-58, *writ denied,* 07-1821 (La. 11/09/07), ____So.2d _____.

> The Louisiana Supreme Court, in *Duncan v. Kansas City Southern Railway Co.*, 00-66, pp. 10-11 (La. 10/30/00), 773 So.2d 670, 680-81, set forth the standard for reviewing comparative fault determinations as follows:
>
> > This Court has previously addressed the allocation of fault and the standard of review to be applied by appellate courts reviewing such determinations. Finding the same considerations applicable to the fault allocation process as are applied in quantum assessments, we concluded "the trier of fact is owed some deference in allocating fault" since the finding of percentages of fault is also a factual determination. *Clement v. Frey*, 95-1119 (La.1/16/96), 666 So.2d 607, 609, 610. As with other factual determinations, the trier of fact is vested with much discretion in its allocation of fault. *Id*.
>
> Therefore, a trier of fact's allocation of fault is subject to the manifestly erroneous or clearly wrong standard of review. A trial judge's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id*. at 1112.

It is evident from the immense record before us that the jury's decision was not manifestly erroneous, as there clearly existed a reasonable factual basis for its

2

findings.

The contract between PG Diners and Bessette set forth that Bessette, as the contractor, was "not responsible for the liability or acts of architect . . . arising out of the preparation or approval of reports, opinions, surveys, maps, drawings, designs or specifications" which give rise to any injury or damage. Remson-Haley's duties included designing the lot to the standard of an architect to ensure that the lot did not fail. Their own contract with PG Diners stated that Remson-Haley were to assist them in reviewing documents, alternatives, and other proposals submitted by the contractor. However, the evidence showed that they failed to meet this duty.

PG Diners claims that Bessette altered the Remson-Haley design by reducing the sand base from four inches to one inch, as well as by removing the sub-surface drainage and spacing the dowels farther apart and, in doing so, assumed liability for the design. However, PG Diners' owner, Bob King, as well as Harvey Bessette and Sam Cavys, an employee of Bessette, all testified that PG Diners, Remson-Haley, and Bessette met prior to the signing of the contract between PG Diners and Bessette to discuss the changes. They all testified that Remson-Haley approved the changes. Mr. King specifically testified that he would not have accepted the changes without Remson-Haley's approval and that he was shocked when it later denied responsibility for the design of the lot. Both experts, including PG Diners' own expert, Charles Ladner, testified that by approving the changes, Remson-Haley retained liability for the design.

Furthermore, Remson-Haley admitted they did not use the soil report in preparing their design, despite having over one year to incorporate the report's findings into its plans. Again, both experts testified that the failure of Remson-Haley to follow the soil reports recommendation that the parking lot should have a crushed

3

limestone base doomed the lot to failure from the outset and that the lot would have failed even if Bessette had otherwise built the lot perfectly or if the sand base had been four inches as originally specified.

It is clear from the record that there existed a reasonable factual basis for the jury's determination that Remson-Haley was 100 % at fault for the failure of the parking lot. Accordingly, the jury's conclusion cannot be manifestly erroneous.

The decision of the trial court is hereby affirmed. Costs of this appeal are assessed against PG Diners.

**AFFIRMED.**

4